UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

SIDNEY L. JONES,

                    Petitioner,

    v.                                                    9:25-CV-0447
                                                          (GTS/MJK)
SUPERINTENDENT,

                    Respondent.

─────────────────────────────────

APPEARANCES:                              OF COUNSEL:

SIDNEY L. JONES
Petitioner, pro se
11-A-0253
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

    Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No.

1, Petition ("Pet.").[1]

    On April 14, 2025, the case was administratively closed due to petitioner's failure to

properly commence it.  Dkt. No. 3, Administrative Order.  Petitioner was given thirty (30) days

to either (1) pay the statutory filing fee or (2) submit a properly certified application to proceed

in forma pauperis ("IFP").  *Id.* at 2.[2]  Petitioner remitted the statutory filing fee, and the action

was restored to the Court's active docket, permitting the undersigned to conduct an initial

─────────────────

[1]  Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.
[2]  The statutory filing fee for a federal habeas corpus action is $5.00.  28 U.S.C. § 1914(a).

review of the pleading.  Dkt. Entry dated 05/16/25 (memorializing the receipt information for the filing fee transaction); Dkt. No. 5, Text Order (reopening the case).

For the reasons outlined below, the petition must be transferred to the Second Circuit.

## II.    PREVIOUS HABEAS PETITIONS

Petitioner has previously filed a habeas petition in the Northern District of New York. *See Jones v. Superintendent*, No. 9:13-CV-1562 (JKS) ("*Jones I*").

In *Jones I*, petitioner challenged his 2011 criminal conviction, pursuant to a jury verdict, for course of sexual conduct against a child in the first degree, rape in the second degree, rape in the third degree, criminal sexual act in the third degree, and endangering the welfare of a child.  *Jones I*, Dkt. No. 32, Decision and Order ("August MDO"), at 1; *see also Jones I*, August MDO at 2-3 (outlining the state court challenges made to the criminal conviction and noting a direct appeal where the courts affirmed his conviction on December 27, 2012, denied leave to appeal on July 23, 2013, and denied reconsideration on October 18, 2013).

Petitioner argued that he was entitled to federal habeas relief because (1) his conviction was unlawfully obtained using perjured testimony; (2) there were several instances of prosecutorial misconduct both before and during the trial; (3) trial counsel was constitutionally ineffective; (4) the state courts erred in denying his collateral challenge to his state court conviction; (5) the Appellate Division erred deciding his direct appeal since it used an unstipulated trial transcript; (6) the jury foreperson should have been disqualified; and (7) the prosecution's expert's testimony should not have been admitted because it was irrelevant.  *Id.* at 3-4.  This Court found that petitioner's claims were unexhausted, procedurally barred, and meritless; therefore, the petition was denied in its entirety.  *Id.* at 5-24; *see also Jones I*, Dkt. No. 33, Judgment.

Thereafter, petitioner filed a Notice of Appeal, *Jones I*, Dkt. No. 34, Notice of Appeal; however, it was denied and dismissed because petitioner failed to "ma[k]e a substantial showing of the denial of a constitutional right", *Jones I*, Dkt. No. 40, Mandate, at 1 (internal quotation marks and citations omitted).

## II.    PRESENT HABEAS PETITION

The present petition also challenges petitioner's 2011 state court conviction, from Albany County, pursuant to a jury verdict, for course of sexual conduct against a child in the first degree, two counts of rape in the second degree, two counts of rape in the third degree, criminal sexual act in the third degree, and two counts of endangering the welfare of a child . Pet. at 1-2; *see also id.* at 2-3 (indicating petitioner's direct appeal was affirmed on December 27, 2012, leave to appeal was denied on July 23, 2013, and a motion for reconsideration was denied on October 18, 2013).

Petitioner argues that he is entitled to federal habeas relief because (1) his double jeopardy rights were violated when the dismissal of state court abuse petitions did not preclude investigation into petitioner and his eventual criminal conviction; and (2) he is actually innocent.  Pet. at 5-10.  For further details, reference is made to the Petition.

## IV.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  *See* 28 U.S.C. § 2244(a) ("[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]").  "A petition is second or successive if a prior petition raising claims regarding the same conviction or sentence has been decided on the merits."  *Quezada v. Smith*, 624 F.3d 514, 517-18 (2d Cir. 2010)

(internal quotation marks and citations omitted); *see also Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

In such circumstances, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").  The Second Circuit has directed "that when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by th[e Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to th[e Second Circuit] in the interest of justice pursuant to § 1631[.]"  *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).[3]

Here, petitioner is challenging the same conviction which he previously disputed in his prior habeas action.  *Compare* Pet. at 1 (contesting his 2011 conviction, pursuant to a jury

---

[3]  The Second Circuit rested its decision on 28 U.S.C. § 1631 which was intended to "aid litigants who were confused about the proper forum for review."  *Liriano*, 95 F.3d at 122.  "In determining whether a transfer is in the interests of justice . . . [f]actors militating for a transfer include . . . a finding that the original action was filed in good faith."  *Id.* (internal quotation marks and citations omitted).  In *Liriano*, the Second Circuit specifically defined an instance of good faith, where the inmate's successive "filing . . . reflect[ed] ignorance concerning the . . . procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements."  *Id.*

verdict, for various sexual crimes against a child) *with Jones I*, August MDO, at 1-3 (same); *see also* Pet. at 2-3 (identifying relevant dates for decisions related to petitioner's direct appeal of his state court conviction) *with Jones I*, August MDO, at 2-3 (identifying identical dates for decisions related to direct appeal of his state court conviction).  Further, *Jones I* was denied as unexhausted and procedurally barred, and, alternatively, meritless.  Accordingly, both prongs of the second or successive petition test have been satisfied.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals so petitioner can receive permission, and this Court can be authorized, to further proceed with the instant action. *Torres*, 316 F.3d at 151-52.  Consequently, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## V.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: May 22, 2025

Glenn T. Suddaby
U.S. District Judge